STATE, Respondent, v. POHLHAMMER, Appellant.†

*No. 75–890–CR.  Submitted on briefs May 4, 1977.—*
*Decided June 14, 1977.*
(Also reported in 254 N.W.2d 478.)

† Motion for rehearing granted, on September 6, 1977. This motion was not decided at the time the volume went to press. Its disposition will be reported in a later volume.

518

520

For the appellant the cause was submitted on the briefs of *Thomas J. Balistreri* and *Shellow & Shellow* of Milwaukee.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Maryann S. Calef,* assistant attorney general.

HANLEY, J.   Sec. 939.74(1), Stats., establishes a six year limitation period for felonies. It provides in part:

"Within the meaning of this section, a prosecution has commenced when a warrant or summons is issued, an indictment is found, or an information is filed."

Subsection (3) of the same statute provides as follows:

"In computing the time limited by this section, the time . . . during which a prosecution against him [the actor] for the same act was pending shall not be included. A prosecution is pending when a warrant, or a summons has been issued, an indictment has been found, or an information has been filed."

In this case no warrant or summons was issued on a complaint charging defendant with theft by fraud. Therefore, the prosecution for that offense arose when the information was filed. There is no dispute that more than six years had passed since the offense was com-

mitted. However, the state claims that the prosecution against defendant for arson with intent to defraud because of the fire of August 1, 1969 was a prosecution for "the same act," and therefore the statute of limitations was tolled during that time that prosecution was pending.

Sec. 939.65, Stats. provides that multiple prosecutions may proceed for an act that forms the basis for a crime punishable under more than one statutory provision. Sec. 939.71, limits the number of convictions for that act to one, unless a conviction requires proof of a fact that is not required to support the other convictions. In determining the meaning of the word "act," secs. 939.65, 939.71 and 939.74(3) should be read together. The same act may be the basis for multiple prosecutions. Unless different facts are necessary for conviction, only one conviction is authorized regardless of the number of prosecutions. A prosecution for the act tolls the time within which another prosecution for the same act must be commenced.

The act which is the basis for a prosecution under sec. 943.02(1)(b), Stats., is that of intentionally damaging a building by means of fire. Intent to defraud the insurer is an additional fact. The act which is the basis for a prosecution under sec. 943.20(1)(d), is making a false representation. The crime is complete when title to property of the defrauded person is obtained.[1] If title is not obtained, there has still been an attempt in violation of sec. 939.32, Stats. The acts alleged in count two of the first information and the only count of the second information were not the same, even though they arose out of the same scheme. Therefore, the filing of the second information was barred by sec. 939.74(1), Stats., be-

---

[1] We do not express an opinion as to whether the facts in this case constitute a violation of sec. 943.20(1)(d), Stats.

cause it commenced a prosecution more than six years after the offense was committed.

Defendant argues that violation of the statute of limitations in a criminal case is a question of subject matter jurisdiction, which is not waived by a plea of guilty. It was so held in *State v. Civella,* 364 S.W.2d 624 (Mo 1963). Am. Jur. states that statutes of limitations in criminal cases create a bar to prosecution, and are not merely statutes of repose, as they are in civil cases. 21 Am. Jur. 2d, *Criminal Law,* sec. 154 (1965). It is also true, as defendant points out, that a number of courts have stated that a criminal statute of limitations is jurisdictional in its effect. However, the jurisdictional question involved is not one of subject matter jurisdiction. The jurisdictional question involved is one of personal jurisdiction, that is, power to proceed to judgment against a particular defendant, rather than power to proceed against any defendant. The Second Circuit has held in a securities fraud case that a defendant who has pleaded guilty may not raise on appeal the issue of his conviction being barred by the statute of limitations. *United States v. Doyle,* 348 F2d 715 (2d Cir. 1965), cert. denied 382 U.S. 843 (1965). The court relied on *United States v. Cook,* 84 U.S. (17 Wall.) 168 (1872), holding that the statute of limitations cannot be set up as a defense in a criminal case by demurrer, because time is not of the essence of the offense and sustaining the demurrer would preclude the prosecutor from giving evidence, as he had a right to do under the general issue, to show that the offense was committed within the time prescribed for prosecution. We are persuaded to follow the Second Circuit rather than the Missouri court.

In Wisconsin, a plea of guilty is like a demurrer in the sense that it admits the facts charged, but not the crime.

*State v. Lampe,* 26 Wis.2d 646, 133 N.W.2d 349 (1965). We hold that a plea of guilty, serving the function of a demurrer, does not raise the issue of the statute of limitations. This is because the time of commencement of the prosecution does not appear on the face of the information. The correct manner of raising the statute of limitations in a case where the facts are not disputed is to make a motion to dismiss on the ground of violation of the statute of limitations. If this motion is denied, there is no reason to hold that a plea of guilty waives the objection of the statute of limitations, absent an express waiver. It simply does not raise the question. This is not to say that a motion to dismiss must be made in order to preserve the record in case of a plea of not guilty. Not guilty is a plea of the general issue, and raises all defenses which the defendant has.

Having concluded that the filing of the amended information was barred by the statute of limitations and that the issue is not raised by defendant's plea of guilty, we hold that defendant should be permitted to withdraw his guilty plea. At the time the plea was taken, defendant had a complete defense available, which was apparent from the record. There was no showing that defendant had been informed of the defense and had elected to waive it. The plea should not have been accepted. *Ernst v. State,* 43 Wis.2d 661, 170 N.W.2d 713 (1969). Neither should the amended information have been allowed. Invalidating the plea invalidates the plea bargain. Since the amended information was conditioned upon defendant's agreement to plead guilty, and the information was accepted in lieu of the prior information, this case is returned to the trial court in the same posture it occupied prior to the September 29, 1975 hearing. An information is outstanding which charges three counts of arson with intent to defraud an insurer, as a party to the crime, contrary to secs. 943.02(1)(b) and 939.05, Stats.

*By the Court.*—The order is reversed. The judgment of conviction is set aside. Leave is granted to the defendant to withdraw his guilty plea and to the state to withdraw the amended information. The cause is remanded for further proceedings.