STATE of Wisconsin, Plaintiff-Appellant,

v.

Jeffrey B. HAINES, Defendant-Respondent.†

Court of Appeals

*No. 01–1311–CR. Submitted on briefs January 11, 2002.—
Decided May 9, 2002.*

2002 WI App 139

(Also reported in 647 N.W.2d 311.)

† Petition to review granted 9-26-02.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *William L. Gansner*, assistant attorney general, and *James E. Doyle*, attorney general.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Mark A. Huesmann* of *Huesmann Law Office*, Holmen.

Before Vergeront, P.J., Deininger and Lundsten, JJ.

¶ 1. LUNDSTEN, J. The State of Wisconsin appeals an order of the circuit court granting defendant Jeffrey B. Haines's motion to dismiss the criminal complaint. Haines asserted in his motion that the prosecution was time-barred and violated the ex post facto clause of article I, section 12 of the Wisconsin Constitution. The circuit court agreed that the prosecution violated the ex post facto clause and granted Haines's motion to dismiss. For the following reasons, we reverse and remand for further proceedings.

## Background

¶ 2. On July 24, 2000, the State charged Haines with second-degree sexual assault of a child under the age of sixteen, in violation of Wis. Stat. § 948.02(2)

(1989–90).[1] The complaint alleged that in September or October of 1992, when Haines was thirty-three years old, he touched the breasts and vaginal area of his fourteen-year-old cousin, Nicole H., while the two were in the woods during a hunting trip. The complaint alleged that Haines admitted the sexual contact to two police officers.

¶ 3. At the time of the alleged child sexual assault in 1992, the applicable statute of limitations provided that the prosecution had to commence before the victim reached the age of twenty-one. *See* Wis. Stat. § 939.74(2)(c) and Wis. Stat. § 948.02. In 1994, about five years before the time had run, the statute of limitations was amended to extend the time in which a prosecution for child sexual assault could be brought. Section 939.74(2)(c) was amended to provide that a prosecution under § 948.02 (the child sexual assault statute) had to commence before the child reached the age of twenty-six. *See* 1993 Wis. Act 219, § 6.[2] The charge in this case was brought in 2000, when Nicole H. was twenty-two years old.

¶ 4. Haines moved for dismissal, claiming that the prosecution was barred by the age twenty-one limitation in effect at the time of the alleged assault. Haines also claimed that prosecution under the amended age twenty-six limitation in effect at the time of the filing of the complaint violated the ex post facto clause of article

---

[1] All references to the Wisconsin Statutes are to the 1989–90 version unless otherwise noted.

[2] The current version of Wis. Stat. § 939.74(2)(c) (1999–2000), as amended in 1998, *see* 1997 Wis. Act 237, § 722c, provides that prosecution under Wis. Stat. § 948.02 must commence before the child reaches the age of thirty-one.

I, section 12 of the Wisconsin Constitution.[3] The circuit court concluded that the applicable statute of limitations was the amended version, but agreed with Haines that prosecution under the amended statute violated the ex post facto clause. The court dismissed the complaint, and the State appeals.

## *Discussion*

¶ 5.  On appeal, Haines has abandoned his argument that, regardless of any ex post facto violation, the applicable limitation period is the age twenty-one limitation in effect at the time of the alleged assault. Haines's implicit concession, that apart from any ex post facto violation the applicable limitation period is the age twenty-six limitation found in WIS. STAT. § 939.74(2)(c), as amended in 1994, is appropriate. WISCONSIN STAT. § 990.06 (1999–2000) provides that a repealed limitation period remains operative "to determine all such limitations and periods of time which shall have previously begun to run unless such repealing act shall otherwise expressly provide." That sort of express language is present here. Pursuant to 1993 Wis. Act 219, § 7, "[t]he treatment of [the longer time limit in] section 939.74(2)(c) of the statutes first applies to offenses not barred from prosecution on the effective date [April 22, 1994] of this subsection." Thus, the 1994 amended version of the statute of limitations, not the prior version, applies to Haines.

---

[3] Article I, section 12 of the Wisconsin Constitution states:  "No bill of attainder, ex post facto law, nor any law impairing the obligation of contracts, shall ever be passed, and no conviction shall work corruption of blood or forfeiture of estate."

¶ 6. We turn now to whether application of the 1994 amended version of the statute of limitations to Haines violates the ex post facto clause. We look to see whether "the application violates one or more of that clause's recognized protections." *State v. Kurzawa*, 180 Wis. 2d 502, 512, 509 N.W.2d 712 (1994). Specifically, we determine whether application of the new law: (1) criminalizes conduct that was innocent when committed; (2) increases the penalty for conduct after its commission; or (3) removes a defense that was available at the time the act was committed. *Id.* at 512–13. Only the third consideration is at issue here: whether application of Wis. Stat. § 939.74(2)(c), as amended in 1994, removes a defense that was available to Haines at the time he allegedly assaulted his cousin.

¶ 7. On its face, the 1994 amendment to Wis. Stat. § 939.74(2)(c) did not remove a defense that was available to Haines in 1992. At the time of the alleged assault, Haines had no statute of limitations defense. Indeed, such "defense" would not have been available until 1999, when the former statute of limitations would have run. Accordingly, there is no ex post facto violation under the third consideration set forth in *Kurzawa*.

¶ 8. Although no Wisconsin case addresses the circumstances here, several federal circuit courts and state courts have concluded that retroactive application of a new statute of limitations, enacted at a time when the old limitations period has not yet run, does not

violate the ex post facto clause.[4] These cases are persuasive authority because the Wisconsin Supreme Court, like the courts cited in footnote 4 below, has taken guidance from the United States Supreme Court's interpretation of the ex post facto clause contained in the United States Constitution. *See, e.g., Kurzawa,* 180 Wis. 2d at 512–13 (relying on *Collins v. Youngblood,* 497 U.S. 37, 52 (1990), for the three considerations, including consideration of whether the application of the new law removes a defense that was available at the time the act was committed).

¶ 9.  Haines argues that the cases from other jurisdictions are inapplicable because, in several of these cases, the statutes of limitations at issue were deemed procedural, rather than substantive, as is the case in Wisconsin. Haines essentially argues that in Wisconsin the legislature may never retroactively apply a new time limit in an amended statute of limitations precisely because such statutes are deemed "substantive" under Wisconsin law. In this regard, Haines primarily relies on *Betthauser v. Medical Protective Co.,*

---

[4] *See, e.g., United States v. Grimes,* 142 F.3d 1342, 1350–51 (11th Cir. 1998); *United States v. Brechtel,* 997 F.2d 1108, 1112–13 & n.14 (5th Cir. 1993); *United States v. Taliaferro,* 979 F.2d 1399, 1402–03 (10th Cir. 1992); *United States v. Madia,* 955 F.2d 538, 539–40 (8th Cir. 1992); *United States v. Knipp,* 963 F.2d 839, 842–44 (6th Cir. 1992); *United States ex rel. Massarella v. Elrod,* 682 F.2d 688, 689 (7th Cir. 1982); *State v. O'Neill,* 796 P.2d 121, 123–24 (Idaho 1990); *State v. Schultzen,* 522 N.W.2d 833, 835 (Iowa 1994); *Commonwealth v. Bargeron,* 524 N.E.2d 829, 830 (Mass. 1988); *People v. Russo,* 487 N.W.2d 698, 700–03 & n.18 (Mich. 1992); *State v. Burns,* 524 N.W.2d 516, 519–20 (Minn. Ct. App. 1994); *State v. Hirsch,* 511 N.W.2d 69, 76–78 (Neb. 1994).

172 Wis. 2d 141, 493 N.W.2d 40 (1992). While there are a number of reasons why *Betthauser* does not undermine the result we reach today, we note only the most obvious. The *Betthauser* court itself looked to see whether the legislature intended the changed statute of limitations at issue in that case to be retroactive, an obvious acknowledgment that the legislature has the power in some circumstances to apply such changes retroactively. *See id.* at 149–50. Therefore, whatever merit Haines's procedural/substantive distinction might have in the absence of a legislative expression that the change be retroactive, it plainly has none when the legislature specifically indicates a statute will be retroactive, as is the case here.

¶ 10.   Haines asserts that the circuit court correctly relied on *State v. Pohlhammer*, 78 Wis. 2d 516, 254 N.W.2d 478 (1977), in deciding that the age twenty-one limitation in effect at the time of his alleged offense provided him with a "complete defense" to prosecution because Nicole H. turned twenty-one prior to the commencement of the prosecution. However, *Pohlhammer* does not involve a changed statute of limitations and there is no ex post facto analysis. Rather, all that can be said about *Pohlhammer*, as it relates to this case, is that the decision is based in part on the fact that the statute of limitations for one of the charged crimes had already run before the crime was charged and, therefore, the statute was a "complete defense" at the time the charge was filed. *Id.* at 524.

¶ 11.   We pause here to note that the case before us involves a statute of limitations change that occurred before the prior statute of limitations had run with respect to Haines. We do not address what the result might be if a statutory change had occurred after

the prior time limit had run. *Pohlhammer* does not address this situation, and neither do we.

¶ 12.   Finally, Haines relies on two United States Supreme Court cases, *Miller v. Florida*, 482 U.S. 423 (1987), and *Weaver v. Graham*, 450 U.S. 24 (1981). However, neither sheds light on the issue here. In both of those cases, the Court held that the ex post facto provision of the United States Constitution was violated by legislative changes that effectively increased the length of incarceration for crimes that were committed before the legislative changes. The change in this case had no such effect.

¶ 13.   Accordingly, we reverse and remand for further proceedings consistent with this opinion.

*By the Court.*—Order reversed and cause remanded with directions.