STATE of Wisconsin, Plaintiff-Appellant,

v.

Jeffrey B. HAINES, Defendant-Respondent-Petitioner.

Supreme Court

*No. 01–1311–CR. Oral argument February 13, 2003.—Decided May 13, 2003.*

2003 WI 39

(Also reported in 661 N.W.2d 72.)

For the defendant-respondent-petitioner there were briefs by *Mark A. Huesmann, Sonja Davig Huesmann,* and *Huesmann Law Office,* Holmen, and oral argument by *Mark A. Huesmann.*

For the plaintiff-appellant the cause was argued by *William L. Gansner,* assistant attorney general, with whom on the brief was *James E. Doyle,* attorney general.

¶ 1.  WILLIAM A. BABLITCH, J.  "[I]t is one thing to revive a prosecution already dead, and another to give it a longer lease of life." *Falter v. United States,* 23 F.2d 420, 425–26 (2d Cir. 1928).

¶ 2.  At issue in this case is whether an extension of the time limit for prosecuting a child sexual assault violates the ex post facto clause of the Wisconsin Constitution when the statute of limitations is extended before the prior time limitation for prosecution has expired. We agree with the court of appeals[1] and hold that it does not.

## FACTS AND PROCEDURAL HISTORY

¶ 3.  The relevant facts are undisputed. On July 24, 2000, Jeffrey Haines (Haines) was charged with second-degree sexual assault of a child under the age of

---

[1] *State v. Haines,* 2002 WI App 139, 256 Wis. 2d 226, 647 N.W.2d 311.

16, in violation of Wis. Stat. § 948.02(2) (1989–90). According to the complaint, when Haines was 33 years old, he touched the breasts and vaginal area of his 14-year-old cousin, Nicole H., when the two were together during a hunting trip in 1992. The complaint also alleged that Haines twice admitted the sexual contact to two police officers in 1993 and 2000.

¶ 4. At the time of the alleged child sexual assault, the applicable statute of limitations provided that a prosecution had to commence before the victim reached 21 years of age. Wis. Stat. § 939.74(2)(c) (1989–90).[2] In 1994, about five years before the statute of limitations would have run, the legislature amended the limitations period under § 939.74(2)(c) (1989–90) and extended the time in which a prosecution could be commenced for a child sexual assault. 1993 Wis. Act 219, § 6.[3] The amended § 939.74(2)(c) (1993–94) provided that a child sexual assault must be prosecuted before a

[2] Wis. Stat. § 939.74(2)(c) (1989–90) provided: "A prosecution for violation of s. 948.02, 948.03, 948.04, 948.05, 948.06, 948.07 or 948.08 may be commenced within the time period specified in sub. (1) or by the time the victim reaches the age of 21 years, whichever is later."

[3] 1993 Wisconsin Act 219 provided:

The people of the state of Wisconsin, represented in senate and assembly, do enact as follows:

SECTION 6. 939.74(2)(c) of the statutes is amended to read:

939.74(2)(c) A prosecution for violation of s. 948.02, 948.03, 948.04, 948.05, 948.06, 948.07 or 948.08 ~~may~~ shall be commenced ~~within the time period specified in sub. (1) or by the time~~ before the victim reaches the age of ~~21~~ 26 years, ~~whichever is later~~ or be barred.

victim reaches 26 years old.[4] When Haines was charged in 2000, Nicole H. was 22 years old. Thus, Nicole H. was over 21, but under 26 when the prosecution was commenced.

¶ 5. In October 2000, Haines moved for dismissal, claiming that the prosecution was time-barred under the age 21 limitation that was in effect at the time of the alleged assault. Haines also claimed that if the amended age 26 limitation applied, then it violated the ex post facto clause of Article 1, Section 12 of the Wisconsin Constitution.[5] The Circuit Court for Vernon County, Judge Michael J. Rosborough, found that the amended age 26 statute of limitations, instead of the age 21 limitation, applied to Haines. Nevertheless, the circuit court granted Haines's motion to dismiss on the grounds that the amended statute of limitations violated the ex post facto clause of the Wisconsin Constitution when applied to Haines.

¶ 6. The State appealed, and the court of appeals reversed the circuit court's decision and order. The court of appeals held that the circuit court was correct that the amended age 26 statute of limitations applied to Haines, but held that applying the amended limitations period to Haines does not violate the ex post facto clause of the Wisconsin Constitution. Haines petitioned this court for review of whether application of the amended age 26 statute of limitations under Wis. Stat.

---

[4] Section 939.74(2)(c) was amended again in 1998 and currently provides that a prosecution under Wis. Stat. § 948.02 must commence before a victim reaches the age of 31. *See* Wis. Stat. § 939.74(2)(c) (2001–02).

[5] Article 1, Section 12 of the Wisconsin Constitution states: "No bill of attainder, ex post facto law, nor any law impairing the obligation of contracts, shall ever be passed, and no conviction shall work corruption of blood or forfeiture of estate."

§ 939.74(2)(c) (1993–94) violates the ex post facto clause of the Wisconsin Constitution.[6] This court granted Haines's petition on September 26, 2002.

## ANALYSIS

¶ 7. Analyzing whether application of an amended statute of limitations violates the ex post facto clause of the Wisconsin Constitution presents a question of law that this court reviews de novo. *Bd. of Regents v. Wis. Pers. Comm'n,* 103 Wis. 2d 545, 551, 309 N.W.2d 366 (Ct. App. 1981).

¶ 8. We first note, as did the court of appeals, that the proper limitations period to apply to Haines is the amended age 26 statute of limitations, based on the language in 1993 Wis. Act 219, § 7 and Wis. Stat. § 990.06 (1999–2000). Section 990.06, which is entitled "Repeal or change of law limiting time for bringing actions," provides:

> In any case when a limitation or period of time prescribed in any act which shall be repealed for the acquiring of any right, or barring of any remedy, or for any other purpose shall have begun to run before such repeal and the repealing act shall provide any limitation or period of time for such purpose, such latter limitation or period shall apply only to such rights or remedies as shall accrue subsequently to the time when the repealing act shall take effect, and the act repealed

---

[6] We note that Haines's challenge to the amended statute of limitations under Wis. Stat. § 939.74(2)(c) (1993–94) only pertains to whether it violates the ex post facto clause of the Wisconsin Constitution, not whether it violates the ex post facto clause of the United States Constitution.

shall be held to continue in force and be operative to determine all such limitations and periods of time which shall have previously begun to run *unless such repealing act shall otherwise expressly provide.*

Wis. Stat. § 990.06 (1999–2000) (emphasis added) ("repeal" in this section includes "amendment," *Poquette v. Cmty. State Bank,* 631 F. Supp. 1480 (W.D. Wis. 1986)). In accordance with § 990.06 (1999–2000), the legislature expressly provided that "section 939.74(2)(c) of the statutes first applies to offenses not barred from prosecution on the effective date of this subsection." 1993 Wis. Act 219, § 7. The statute of limitations had not yet run for Haines as of the effective date of the amendment to Wis. Stat. § 939.74(2)(c) (1989–90). Accordingly, the amended age 26 limitations period applies to Haines, not the prior age 21 limitation.

¶ 9.  We now turn to Haines's argument that application of the amended age 26 statute of limitations violates the ex post facto clause. An ex post facto law has been described as any law:

"[1] which punishes as a crime an act previously committed, which was innocent when done; [2] which makes more burdensome the punishment for a crime, after its commission; or [3] which deprives one charged with [a] crime of any defense available according to law at the time when the act was committed . . . ."

*State v. Thiel,* 188 Wis. 2d 695, 703, 524 N.W.2d 641 (1994) (quoting *Collins v. Youngblood,* 497 U.S. 37, 42 (1990)); *see also State v. Kurzawa,* 180 Wis. 2d 502, 512–513, 509 N.W.2d 712 (1994).

¶ 10. Only the third consideration is at issue in this case; namely, whether the amended limitations period removed a defense that was available to Haines at the time the alleged child sexual assault was committed.

¶ 11. Haines contends that application of the amended limitations period violates the ex post facto clause because statutes of limitation provide a "complete defense." In support of his argument, Haines relies on *State v. Pohlhammer*, 78 Wis. 2d 516, 254 N.W.2d 478 (1977). However, as the court of appeals correctly determined, *Pohlhammer* is in apposite. *Pohlhammer* did not involve either an amended statute of limitations or an ex post facto analysis, but instead held that since the statute of limitations for one of the crimes charged had already run, the statute of limitations was a "complete defense" to that crime. *Id.* at 524. The fact that a prosecution is barred after the applicable statute of limitations has run is neither contested nor at issue in this case. Judge Learned Hand artfully described the relevant distinction as follows:

> [I]t is one thing to revive a prosecution already dead, and another to give it a longer lease of life. The question turns upon how much violence is done to our instinctive feelings of justice and fair play. For the state to assure a man that he had become safe from its pursuit, and thereafter to withdraw its assurance, seems to most of us unfair and dishonest. But, while the chase is on, it does not shock us to have it extended beyond the time first set . . . .

*Falter*, 23 F.2d at 425–26.

¶ 12. Haines also argues that under Wisconsin law, statutes of limitation are substantive as opposed to procedural, and therefore cannot be applied retroac-

tively. Haines is correct that this court "views statutes of limitation as substantive statutes because they create and destroy rights." *Betthauser v. Med. Protective Co.,* 172 Wis. 2d 141, 149, 493 N.W.2d 40 (1992). However, Haines is mistaken that only procedural statutes may be applied retroactively. In *Betthauser,* this court declined to retroactively apply a statute of limitations due to the lack of any legislative intent to apply the statute retroactively, not because the statute was characterized as substantive instead of procedural. A statute may be applied retroactively if (1) by express language or necessary implication, the statutory language reveals legislative intent for retroactive application; or (2) the statute is remedial or procedural rather than substantive. *Snopek v. Lakeland Med. Ctr.,* 223 Wis. 2d 288, 294, 588 N.W.2d 19 (1999). Thus, even a substantive statute may be applied retroactively if there is express language to that effect. As discussed previously, 1993 Wis. Act 219, § 7 clearly stated that the legislature intended that the amended statute of limitations apply retroactively to those cases where the prior statute of limitations had not yet run.

■

¶ 13.   In addition, this court has also discussed the point at which a statute of limitations, as a substantive statute, provides a defense. We have concluded that "once a statute of limitations has run, the party relying on the statute has a vested property right in the statute-of-limitations defense, and new law which changes the period of limitations cannot be applied retroactively to extinguish that right." *Borello v. U.S. Oil Co.,* 130 Wis. 2d 397, 416, 388 N.W.2d 140 (1986) (citing *Pulchinski v. Strnad,* 88 Wis. 2d 423, 276 N.W.2d 781 (1979); *Lak v. Richardson-Merrell, Inc.,* 100 Wis. 2d 641, 302 N.W.2d 483 (1981)). However, we have also

concluded that a "defendant only acquired such a right when the statute had run, [therefore,] where a new extended period of limitations was provided by statute in the interim between the accrual of the cause of action and the running of the original period of limitations, the new period would apply." *Borello,* 130 Wis. 2d at 416. Thus, "[t]he right which is subject to constitutional protection is that which vests *at the time the statute runs, not before.*" *Ortman v. Jensen & Johnson, Inc.,* 66 Wis. 2d 508, 522, 225 N.W.2d 635 (1975) (emphasis added).

¶ 14.  The court of appeals also noted that several federal circuit courts and state courts have similarly concluded that retroactive application of an amended statute of limitations, which is enacted at a time when the prior limitations period has not yet run, does not violate the ex post facto clause.[7] According to the Eleventh Circuit, "all of the circuits that have addressed the issue under other statutes have uniformly held that extending a limitations period before the prosecution is barred does not violate the *Ex Post Facto Clause.*" *United States v. Grimes,* 142 F.3d 1342, 1351 (11th Cir. 1998).

---

[7] *See, e.g., United States v. Grimes,* 142 F.3d 1342, 1350–51 (11th Cir. 1998); *United States v. Brechtel,* 997 F.2d 1108, 1112–13 (5th Cir. 1993); *United States v. Taliaferro,* 979 F.2d 1399, 1402–03 (10th Cir. 1992); *United States v. Madia,* 955 F.2d 538, 539–40 (8th Cir. 1992); *United States v. Knipp,* 963 F.2d 839, 842–44 (6th Cir. 1992); *United States ex rel. Massarella v. Elrod,* 682 F.2d 688, 689 (7th Cir. 1982); *State v. O'Neill,* 796 P.2d 121, 123–24 (Idaho 1990); *State v. Schultzen,* 522 N.W.2d 833, 835 (Iowa 1994); *Commonwealth v. Bargeron,* 524 N.E.2d 829, 830 (Mass. 1988); *People v. Russo,* 487 N.W.2d 698, 700–03 (Mich. 1992); *State v. Burns,* 524 N.W.2d 516, 519–20 (Minn. Ct. App. 1994); *State v. Hirsch,* 511 N.W.2d 69, 76–78 (Neb. 1994).

¶ 15. In sum, the court of appeals succinctly and correctly reasoned that:

> [T]he 1994 amendment to Wis. Stat. § 939.74(2)(c) did not remove a defense that was available to Haines in 1992. At the time of the alleged assault, Haines had no statute of limitations defense. Indeed such "defense" would not have been available until 1999, when the former statute of limitations would have run. Accordingly, there is no ex post fact violation under the third consideration set forth in *Kurzawa*.

*State v. Haines,* 2002 WI App 139, ¶ 7, 256 Wis. 2d 226, 647 N.W.2d 311. We cannot improve upon the court of appeals' analysis and reasoning. Accordingly, we affirm the decision of the court of appeals that applying the amended age 26 statute of limitations under Wis. Stat. § 939.74(2)(c) (1993–94) to Haines does not violate the ex post facto clause of the Wisconsin Constitution.

*By the Court.*—The decision of the court of appeals is affirmed.