PER CURIAM.
¶1 Marion Latrell Crawford appeals judgments convicting him of two counts of pimping/pandering, one count of third-degree sexual assault, and one count of delivery of heroin. He also appeals the circuit court's order denying his postconviction motion. Crawford argues that he should be allowed to withdraw his guilty pleas because the statute of limitations barred his conviction of one of the pimping/pandering charges. We affirm.
¶2 The complaint and the information alleged that Crawford committed one of the counts of pimping/pandering between 2006 and October 2009. Preliminary hearing testimony indicated that the conduct that formed the basis for the pimping/pandering charge occurred over a period of time from 2006 to October 2009. However, when an amended information was filed pursuant to a plea agreement, the amended information narrowed the date of the offense to a single day, August 1, 2006.
¶3 Crawford argues that he should be allowed to withdraw his pleas to all of the charges in both judgments because the amended information stated that the pimping/pandering charge occurred on August 1, 2006, which means that the statute of limitations had already run.
¶4 An information is not invalidated by a defect "in matters of form" that does not prejudice the defendant. See WIS. STAT. § 971.26 (2017-18);[1] Burkhalter v. State , 52 Wis. 2d 413, 422, 190 N.W.2d 502 (1971). In Burkhalter , the Wisconsin Supreme Court held that the circuit court did not lose jurisdiction over a defendant when an information incorrectly listed the date of the crime as occurring one year in the future. Id. Citing § 971.26, the court reasoned that the error in the information was a "mere clerical-type error" that did not prejudice the defendant because the complaint had correctly advised him of the date of the crime. Burkhalter , 52 Wis. 2d at 422.
¶5 Here, Crawford was well aware of the dates of the alleged conduct underlying the charge because the original complaint, the information, and the preliminary hearing testimony all put him on notice. As was the case in Burkhalter , the amended information contained a "mere clerical-type error" as to the date. There is nothing in the record that suggests the change narrowing the date range of the crime was intentional. The error did not prejudice Crawford because he knew before entering his plea that the crime was alleged to have occurred over a three-year time span up until and including 2009, and thus within the statute of limitations. Therefore, under WIS. STAT. § 971.26, the incorrect date in the information did not cause the circuit court to lose personal jurisdiction over Crawford. See Burkhalter , 52 Wis. 2d at 422.
¶6 Crawford contends a different result is mandated by State v. Polhammer , 78 Wis. 2d 516, 254 N.W.2d 478 (1977), on reh'g , 82 Wis. 1, 260 N.W.2d 678 (1978). Crawford contends that Polhammer holds that a circuit court should not accept a guilty plea where a defendant has a complete defense available based on the statute of limitations. Id. , 78 Wis. 2d at 524. We agree with the State that Crawford reads Polhammer too broadly. In Polhammer , the original complaint charged three counts of arson, but the amended information charged one count of theft by fraud, which turned out to be barred by the statute of limitations. Id. at 519-20. Polhammer is distinguishable because the amended information charged a completely new crime for which the State had failed to timely commence prosecution. Id. at 522. Here, in contrast, the State filed an amended information pursuant to a plea agreement that charged the same crime, pimping/pandering, with an unintended clerical error narrowing the offense date. Based on WIS. STAT. § 971.26, that error is of no consequence. It did not deprive the circuit court of jurisdiction. See Burkhalter , 52 Wis. 2d at 422.
By the Court. -Judgments and order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.