**COURT OF APPEALS
DECISION
DATED AND FILED**

**June 16, 2026**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2025AP424-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2019CF5178

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

AMAN DEEP SINGH,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Milwaukee County: LAURA CRIVELLO and JONATHAN D. RICHARDS, Judges. *Affirmed*.

¶1 GEENEN, J.[1] Aman Deep Singh, pro se, appeals from the circuit court's judgment of conviction and the order denying his motion for plea

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

withdrawal. Singh also challenges the circuit court's orders denying three motions to dismiss related to his conviction, upon a guilty plea, to an amended charge of misdemeanor resisting an officer by failing to stop under WIS. STAT. § 346.04(2t) ("misdemeanor resisting"). Singh had also been charged with three counts of bail jumping as the result of violating conditions of his release pending trial in three then-pending criminal OWI[2] cases. The bail jumping charges were dismissed but read in for sentencing purposes as part of the plea agreement.

¶2　　On appeal, Singh alleges that the circuit court erred when it accepted his plea to the misdemeanor resisting charge because the amended charge was not filed until after the expiration of the statute of limitations for misdemeanor charges. Singh also alleges that the circuit court erred in various ways when it denied each of his motions to dismiss. We disagree.

¶3　　The misdemeanor resisting charge arises out of the same act and same facts that predicated the initial felony charge of fleeing or eluding an officer under WIS. STAT. § 346.04(3) ("felony fleeing"). Proof of additional elements or facts is not required, thus the statute of limitations was tolled pursuant to WIS. STAT. § 939.74(3) and *State v. Pohlhammer*, 78 Wis. 2d 516, 522, 254 N.W.2d 478 (1977). The plea was valid, the admitted facts in the complaint support the charges, and Singh waived the right to raise nonjurisdictional arguments on appeal. We therefore affirm the circuit court.

---

[2] We use "OWI" to refer to operating a vehicle while under the influence of an intoxicant or other drug. *See* WIS. STAT. § 346.63.

## BACKGROUND

¶4 On November 19, 2019, Hales Corners police were dispatched to a vehicle that was stopped in traffic, but with the engine running. A police officer pulled behind the vehicle and activated the police car's emergency lights. Two officers then approached the driver's side door of the vehicle on foot, found Singh asleep behind the wheel, and woke him. Upon waking, Singh slowly accelerated away from the officers, who returned to their police car, and pursued Singh's vehicle for a short distance until he was stopped. Police observed multiple signs indicating that Singh was intoxicated. Singh refused to take any field sobriety tests; Singh was then arrested and his blood was tested.

¶5 At the time of his arrest in this case, Singh had been released from custody on three prior misdemeanor OWI charges in three 2017 and 2018 Milwaukee County Circuit Court cases. Conditions of bond were set on his release in each of those cases that prohibited, among other things, the use of alcohol and controlled substances.

¶6 As the result of the November 19, 2019 arrest, the State charged Singh with one count of felony fleeing, three counts of misdemeanor bail jumping, and one count of felony OWI as a 5th or 6th offense, based on the three pending 2017 and 2018 OWI charges, a 2005 OWI conviction in Dane County, and an out-of-state implied consent refusal from Illinois in 2001.

¶7 Due to a number of factors, including the pandemic, multiple changes of counsel, and the circuit court's judicial rotations, the case took a significant amount of time to resolve.

¶8      In September 2021, Singh filed a motion to dismiss the felony OWI charge and the three misdemeanor bail jumping charges, alleging that one of the prior OWI offenses, involving Singh's refusal to submit to a blood draw, that was counted towards his total number of past OWIs to enhance the penalty of this OWI charge to a felony should not have been counted. *See State v. Forrett*, 2021 WI App 31, ¶19, 398 Wis. 2d 371, 961 N.W.2d 132, *aff'd as modified*, 2022 WI 37, 401 Wis. 2d 678, 974 N.W.2d 422.[3]  Singh also moved to dismiss the charges in the three OWI–3rd cases—which the three bail jumping charges in this case stem from—under the same theory.  Relying on this court's holding in *Forrett*, the OWI–3rd cases were dismissed without prejudice in February 2022.[4]

¶9      Singh then filed two additional motions to dismiss.  He moved to dismiss the felony fleeing charge, alleging insufficient evidence of "fleeing" because the complaint describes his rate of speed as slow, as well as the felony OWI and misdemeanor bail jumping charges, alleging issue preclusion.

¶10     Prior to the hearing on Singh's motions to dismiss in this case, our supreme court released *State v. Forrett*, which affirmed this court's decision that prior revocations resulting solely from a person's refusal to submit to a warrantless blood draw could not be counted as offenses for the purpose of increasing the

---

[3] At the time of Singh's 2019 arrest, his record reflected a 2005 OWI conviction, a 2001 implied consent violation from the State of Illinois, and the three open OWI cases arising from arrests in 2017 and 2018, each of which was charged as OWI–3rd.  However, under *State v. Forrett*, an implied consent violation could not be counted as a conviction for the purpose of advancing under Wisconsin's OWI graduated penalty system, *id.*, 2021 WI App 31, ¶19, 398 Wis. 2d 371, 961 N.W.2d 132, *aff'd as modified*, 2022 WI 37, 401 Wis. 2d 678, 974 N.W.2d 422, and therefore, the Illinois implied consent violation could not be counted against Singh to increase the criminal penalty for the OWI offense he was charged with in this case.

[4] We note that the OWI charges were refiled in the municipal court.

criminal penalty. *See id.*, 2022 WI 37, ¶¶19-20, 401 Wis. 2d 678, 974 N.W.2d 422.[5] As a result, the State agreed to dismiss the felony OWI charge at the motion hearing. The circuit court denied Singh's motions to dismiss the other charges.

¶11 To facilitate a plea, on February 7, 2023, the State offered to amend the felony fleeing charge to a charge of misdemeanor resisting. That same day, Singh pleaded guilty to the amended charge and, pursuant to the plea agreement, the bail jumping charges were dismissed and read in. Singh was sentenced to time served.

¶12 Singh subsequently filed a postconviction motion to withdraw his plea and vacate his conviction, alleging that the amended misdemeanor resisting charge was barred by the statute of limitations.

¶13 The circuit court denied the postconviction motion. Singh now appeals. Additional relevant facts are referenced below.

## DISCUSSION

¶14 By this appeal, Singh seeks to have his plea withdrawn, conviction vacated, and to have the three misdemeanor bail jumping charges dismissed outright. Singh argues that the circuit court should not have accepted his plea because the amended misdemeanor resisting charge was filed after the applicable statute of limitations expired. He also argues that the bail jumping charges should be dismissed because they arose from violations of bond conditions on three OWI–3rd cases that were dismissed without prejudice due to *Forrett*'s

---

[5] All subsequent references to *Forrett* refer to our supreme court's decision.

clarification of how OWIs are counted under Wisconsin's graduated penalty scheme for OWI offenses.

¶15 Singh's first argument is that the circuit court erred as a matter of law when it accepted his plea to the amended misdemeanor resisting charge because the statute of limitations to bring a misdemeanor charge had already expired. The parties agree that the determinative issue to resolve this argument is whether the facts that give rise to the felony fleeing charge and the misdemeanor resisting charge constitute the "same act" such that the statute of limitations was tolled when the felony was charged.

¶16 Prosecution for a misdemeanor offense must commence within three years after its commission. WIS. STAT. § 939.74(1). The time limit is tolled when criminal prosecution is pending for the "same act." § 939.74(3). Whether the prosecution for the misdemeanor offense is for the same act as the initially charged felony is a fact-specific analysis. *See **Pohlhammer***, 78 Wis. 2d at 522. Whether the statute of limitations is tolled requires that we interpret the statutes governing both charges, which we review independently. ***West v. Department of Com.***, 230 Wis. 2d 71, 74, 601 N.W.2d 307 (Ct. App. 1999).

¶17 To prove that a defendant committed felony fleeing or eluding an officer under WIS. STAT. § 346.04(3), the State must prove that: (1) the defendant operated a motor vehicle on a highway after receiving a visual or audible signal from a police vehicle; and (2) the defendant knowingly fled or attempted to elude an officer by increasing the speed of the vehicle to flee.[6] WIS JI—CRIMINAL 2630.

---

[6] WISCONSIN STAT. § 346.04(3) relevantly provides:

(continued)

6

¶18    Similarly, to prove a defendant committed the misdemeanor offense of resisting an officer by failing to stop under WIS. STAT. § 346.04(2t), the State must prove: (1) "[t]he defendant operated a motor vehicle on a highway"; (2) the defendant received a visual or audible signal from a police vehicle; and (3) the defendant knowingly resisted an officer by failing to stop the vehicle as promptly as safety reasonably permits.[7]  WIS JI—CRIMINAL 2632.

¶19    Relevant here, the original complaint contained sufficient facts to prove both felony fleeing and misdemeanor resisting.  There is no real dispute that Singh operated his vehicle on a highway, received signals from a police vehicle, and, from a stopped position, drove away from the police vehicle which was flashing its lights.

¶20    The question is whether "increas[ing] the speed of the … vehicle" is the same act as "failing to stop [the] vehicle as promptly as safety reasonably permits."  *See* WIS. STAT. § 346.04(2t), (3).  Under the facts of this case, we

---

> No operator of a vehicle, after having received a visual or audible signal from a … police vehicle that the operator knows or reasonably should know is being operated by a law enforcement officer, shall knowingly flee or attempt to elude any officer by willful or wanton disregard of such signal so as to interfere with or endanger the operation of the police vehicle, … other vehicles, or pedestrians, nor shall the operator increase the speed of the operator's vehicle … in an attempt to elude or flee.

[7]  WISCONSIN STAT. § 346.04(2t) relevantly provides:

> No operator of a vehicle, after having received a visible or audible signal to stop his or her vehicle from a … police vehicle that the operator knows or reasonably should know is being operated by a law enforcement officer, shall knowingly resist the officer by failing to stop his or her vehicle as promptly as safety reasonably permits.

conclude it is. Singh was already stopped with a stopped police vehicle flashing emergency lights behind him and two officers at his window. The act of increasing his speed from a stopped position to drive away from the officers is the same act that was being prosecuted under the initial felony fleeing charge. No additional facts are required to support the misdemeanor resisting charge.

¶21 Because, at the time the amended information was filed, prosecution against Singh was pending for the same act, the statute of limitations was tolled. *See* WIS. STAT. § 939.74(3). Therefore, the statute of limitations had not expired and the circuit court did not err by accepting Singh's guilty plea.

¶22 Singh's next argument is that the circuit court erred when it denied his motion to dismiss on the grounds that there was insufficient evidence alleged in the complaint to support the initial fleeing charge. We disagree.

¶23 "The criminal complaint is a self-contained charge which must set forth facts that are sufficient, in themselves or together with reasonable inferences to which they give rise, to allow a reasonable person to conclude that a crime was probably committed and that the defendant is probably culpable." *State v. Hurley*, 2015 WI 35, ¶26, 361 Wis. 2d 529, 861 N.W.2d 174 (citation omitted). "To be sufficient, a complaint must only be minimally adequate." *State v. Adams*, 152 Wis. 2d 68, 73, 447 N.W.2d 90 (Ct. App. 1989). We review the sufficiency of the complaint independently and "our analysis is restricted to the charging document[.]" *Hurley*, 361 Wis. 2d 529, ¶26.

¶24 Specifically, Singh contends that the complaint is not sufficient to support the fleeing charge because he did not undertake the quick or aggressive actions required to "flee or attempt to elude any officer" under the statute. In support he points to multiple dictionary definitions "elude" such as "to avoid or

8

escape by speed, cleverness, trickery, etc." *Elude*, DICTIONARY.COM, https://www.dictionary.com/browse/elude (last accessed June 9, 2026).

¶25 Neither the statute nor case law impose a minimum speed threshold on the flee or attempt to elude element of the felony fleeing offense. *See also State v. Beamon*, 2013 WI 47, ¶32, 347 Wis. 2d 559, 830 N.W.2d 681 (explaining that showing an increase in speed is one method by which the flee or attempt to elude element is satisfied). Furthermore, the common meaning of "elude," as provided by dictionary definitions like the one cited above and relied on by Singh, does not provide support for Singh's argument that a high rate of speed is required, and instead supports that it can also be undertaken through cleverness, trickery, or other means.

¶26 Based on the criminal complaint, Singh's vehicle was at a complete stop with a police vehicle behind him, with the lights flashing, while two officers were at his window when *he increased his speed*, "made a few turns," traveled through a parking lot, and was prevented from turning into a driveway by a police vehicle that cut him off.[8] Even though Singh traveled at a slow speed, the alleged facts are sufficient to support that Singh fled or attempted to elude officers by increasing his speed, and therefore the circuit court did not err by denying Singh's motion to dismiss.

---

[8] Singh also argues that the complaint fails to allege he committed any offense because it only supports that he was following WIS. STAT. § 346.19 which directs vehicles to "yield the right-of-way and … immediately drive … to a position as near as possible and parallel to the right curb or the right-hand edge of the shoulder of the roadway, clear of any intersection and, unless otherwise directed by a traffic officer" when approached by an emergency vehicle. Singh's argument fails for multiple reasons including because the admitted facts do not support that Singh *immediately* pulled over on the side of the road; instead, he took multiple turns and drove through a parking lot before being forced to come to a stop.

¶27 Finally, Singh argues that the bail jumping charges should have been dismissed outright because the bail conditions were conditions of release in three OWI cases that were later dismissed without prejudice due to *Forrett*'s clarification of how OWIs are counted. We disagree.

¶28 Misdemeanor bail jumping requires the State to prove that: (1) the defendant was arrested for or charged with a misdemeanor; (2) the defendant has been released from custody on bond; and (3) the defendant "intentionally fail[ed] to comply with the terms of his or her bond[.]" WIS. STAT. § 946.49(1).

¶29 "The plain purpose of a bail jumping law is to deter those who have been released pending disposition of criminal charges from violating the conditions of their bond." *State ex rel. Jacobus v. State*, 208 Wis. 2d 39, 52, 559 N.W.2d 900 (1997) (citation omitted). Bail jumping laws also "enhance the effective administration of justice in the courts. Courts impose bond conditions with the intent to protect members of the community and prevent a defendant from violating the law." *State v. Henning*, 2004 WI 89, ¶39, 273 Wis. 2d 352, 681 N.W.2d 871 (citation modified).

¶30 *Forrett* would have affected the State's burden of proving the charges in the underlying OWI cases had they not been dismissed without prejudice. This has no bearing on the admitted facts in this case which support that Singh was arrested and charged with three misdemeanors, released on bonds, and failed to comply with the terms of his bonds. The bail jumping offense does not require the State to either show that the underlying offense was never dismissed, or, as Singh suggests, was only dismissed for reasons that do not involve the sufficiency of the complaint. *See State v. Dawson*, 195 Wis. 2d 161, 171, 536 N.W.2d 119 (Ct. App. 1995) (explaining the elements of the bail jumping

offense). Therefore, we conclude the circuit court did not err by denying Singh's motion to dismiss the bail jumping charges.

¶31 Finally, Singh argues that "issue preclusion/double jeopardy" requires the dismissal of the bail jumping charges. Singh waived his common law issue preclusion argument when he pleaded guilty, so we do not discuss it further. *See State v. Kelty*, 2006 WI 101, ¶18, 294 Wis. 2d 62, 716 N.W.2d 886 (explaining the general rule that when a defendant enters a guilty plea, he or she "waives all nonjurisdictional defects, including constitutional claims[.]" (citation omitted)).

¶32 Similarly, we also conclude that Singh waived his related issue preclusion under double jeopardy argument. "[A] guilty plea relinquishes a double jeopardy claim if a court is unable to determine from the record whether there has been a constitutional violation." *Id.*, ¶46. We cannot determine whether there was a constitutional violation because Singh's argument is undeveloped and unsupported by the record.

¶33 Singh argues that the "ultimate fact" concerning the bail jumping charges in this case was already determined by a different judge in separate Milwaukee County Circuit Court cases—the same misdemeanor cases that underly the bail jumping charges in this case—and that being charged here with "different violations of those same bonds that [the Honorable Jack L.] Davila already determined were invalid" constitutes double jeopardy. However, Singh does not support his allegations with citations to the record contrary to WIS. STAT. RULE 809.19(1)(e). There is no information in the record about these other bail jumping charges other than vague references to their existence and, importantly, it is unclear what was at issue and ultimately determined by the court in those cases.

11

Therefore, we consider Singh's double jeopardy and issue preclusion arguments waived. *See id.*; *State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992).

## CONCLUSION

¶34 We conclude that Singh's guilty plea was valid because the statute of limitations was tolled, the admitted facts in the complaint support the charges, and Singh waived the right to raise nonjurisdictional arguments on appeal. Accordingly, we affirm.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.