STATE of Wisconsin, Plaintiff-Respondent,

v.

Thomas H.L. BARFELL, Defendant-Appellant.†

Court of Appeals

*No. 2009AP1568–CR. Submitted on briefs January 27, 2010.*
*—Decided March 10, 2010.*

2010 WI App 61

(Also reported in 782 N.W.2d 437.)

† Petition For Review pending.

374

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Roberta A. Heckes*, Adell.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Pamela Magee*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

Before Brown, C.J., Neubauer, P.J., and Anderson, J.

¶ 1. ANDERSON, J. The circuit court erred while sentencing Thomas H.L. Barfell when it failed to consider the sentencing guidelines for burglary that were then in effect. Barfell appeals the court's mistake and is seeking a resentencing at which the court must consider the sentencing guidelines. However, the statute requiring the circuit court to consider sentence guidelines was repealed after Barfell's sentencing. We affirm because Barfell is not entitled to relief under any of the theories he has propounded.

¶ 2. In 2008, Barfell was facing two counts of burglary when he entered into a plea agreement with the State that resulted in his pleading "no contest" to one count of burglary and the State dismissing, but reading in, a second burglary count and dismissing charges pending in a different court. His sentencing was almost flawless; there was one error, the circuit court did not state on the record that it considered the sentencing guidelines for burglary.[1] The court imposed two years of confinement and three years of extended supervision.

¶ 3. A year before Barfell was sentenced, the Wisconsin Supreme Court decided *State v. Grady*, 2007 WI 81, 302 Wis. 2d 80, 734 N.W.2d 364, and held that at

---

[1] In his initial brief Barfell wrote, "Judge Carver made a meaningful record that met sentencing criteria." And "[t]here is no dispute that Barfell's sentence was well reasoned and it is not excessive." Barfell also acknowledged that the sentence imposed was very reasonable.

sentencing Wis. Stat. § 973.017(2)(a) (2005–06),[2] imposed an obligation on a circuit court to consider sentencing guidelines and to indicate on the record that it had fulfilled its obligation. *Grady*, 302 Wis. 2d 80, ¶ 2. The supreme court mandated that for every sentencing occurring on or after September 1, 2007, the record of the sentencing hearing must demonstrate that the court actually considered the sentencing guidelines. *Id.*, ¶¶ 44–45. Because Barfell was sentenced on October 3, 2008, and the court did not consider the sentencing guidelines and did not state on the record it had considered the guidelines, Barfell filed this appeal.

¶ 4. While this appeal was in progress, the Wisconsin legislature completed work on the 2009–10 Biennial Budget and repealed Wis. Stat. § 973.017(2)(a). *See* 2009 Wis. Act 28, § 3386m (eff. July 1, 2009). This was necessitated by the defunding of the Wisconsin Sentencing Commission in the 2007–08 Biennial Budget. *See* http://wsc.wi.gov/ (last visited Feb. 9, 2010).[3]

---

[2] Wisconsin Stat. § 973.017(2)(a) provides:

(2) GENERAL REQUIREMENT. When a court makes a sentencing decision concerning a person convicted of a criminal offense committed on or after February 1, 2003, the court shall consider all of the following:

(a) If the offense is a felony, the sentencing guidelines adopted by the sentencing commission under s. 973.30 or, if the sentencing commission has not adopted a guideline for the offense, any applicable temporary sentencing guideline adopted by the criminal penalties study committee created under 1997 Wisconsin Act 283.

All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

[3] The following notice is posted on the web site of the defunct Wisconsin Sentencing Commission:

The Wisconsin Sentencing Commission and its statutory provisions under [Wis. Stat.] § 973.30 were eliminated in the State's

After the repeal of § 973.017(2), we ordered supplemental briefing from the parties in an order dated November 11, 2009:

> We question whether the repeal is retroactively applied or whether, if the appellant is entitled to resentencing, there is any meaningful remedy because on the date of resentencing nothing requires consideration of sentencing guidelines. We require the parties to file supplemental briefs on whether the appeal is moot or otherwise effected by the repeal of § 973.017(2)(a).

¶ 5. In his supplemental brief, Barfell makes four arguments: (1) the repeal of WIS. STAT. § 973.017(2)(a) does not render its application moot for a sentencing that occurred prior to the effective date of the budget bill; (2) under WIS. STAT. § 990.04, a statute's repeal does not defeat Barfell's rights of action; (3) the repeal of § 973.017(2)(a) should not apply retroactively; and (4) retroactive application of the repeal of the statute is barred by the ex post facto clause of the constitutions.

¶ 6. While there are several issues to be addressed, there is only one standard of review, de novo. One issue presented by this case is what the effect is of the repeal of WIS. STAT. § 973.017(2)(a) on a pending

2007–09 Biennium Budget. Neither the Commission nor any other agency will continue to collect and analyze sentencing guidelines worksheets. Sentencing courts are still required to consider the guidelines under § 973.017(2)(a), yet will not need to complete or submit guidelines worksheets.

The website and its contents will remain in their current location for now, yet at some point in the future will be archived and relevant content moved elsewhere on the web. A notification will be posted on this site to redirect visitors to the new location of these publications.

http://wsc.wi.gov/ (last visited Feb. 9, 2010).

appeal. Whether the repeal of a statute merits retroactive or prospective application is a question of law which we decide de novo. *See Trinity Petroleum, Inc. v. Scott Oil Co., Inc.*, 2007 WI 88, ¶ 32, 302 Wis. 2d 299, 735 N.W.2d 1. Analyzing whether the retroactive application of a repealed statute violates the ex post facto clause of the Wisconsin constitution presents another question of law that this court reviews de novo. *See State v. Haines*, 2003 WI 39, ¶ 7, 261 Wis. 2d 139, 661 N.W.2d 72. Finally, the application of Wis. STAT. § 990.04 to the undisputed facts is also subject to de novo review. *See State v. Jahnke*, 2009 WI App 4, ¶ 4, 316 Wis. 2d 324, 762 N.W.2d 696, *review denied,* 2009 WI 34, 316 Wis. 2d 718, 765 N.W.2d 578 (No. 2007AP2130–CR).

¶ 7. While Barfell is correct that he "has a due process right 'to be sentenced on the basis of true and correct information' pertaining to 'the offense and the circumstances of its commission . . . and the defendant's personality, social circumstances and general pattern of behavior,' " *State v. Slagoski*, 2001 WI App 112, ¶ 7, 244 Wis. 2d 49, 629 N.W.2d 50, the sentencing guidelines do not add to the accuracy of information in any of these categories. There are three principal reasons for the use of sentencing guidelines:

> [I]t will remedy an unjustifiable disparity of sentences imposed by Wisconsin trial judges for like offenses, it will correct the public's perception that there is such disparity and it will neutralize the perceived threat that if sentencing guidelines are not developed and promulgated by the court system, the Wisconsin legislature will enact a set of "determinate" sentences . . . .

*In Implementation of Felony Sentencing Guidelines,* 113 Wis. 2d 689, 693, 335 N.W.2d 868 (1983). None of

these reasons have anything to do with insuring the accuracy of information a court relies upon at sentencing.

¶ 8. Barfell argues against the rule in Wisconsin that procedural statutes are to be applied retroactively and substantive statutes are to be applied prospectively. *See Trinity Petroleum, Inc.*, 302 Wis. 2d 299, ¶ 40. In *Trinity Petroleum, Inc.*, the supreme court reminded us, "a procedural law is that which concerns the manner and order of conducting suits or the mode of proceeding to enforce legal rights and the substantive law is one that establishes the rights and duties of a party." *Id.*, ¶ 41 (citations omitted). Applying this definition to the now repealed Wis. Stat. § 973.017(2)(a), we conclude that it was a procedural statute, it concerned what a court was to do at sentencing, the court was to consider "sentencing guidelines adopted by the sentencing commission." The requirement did not establish a right running to Barfell, rather it was a procedural attempt to further the State's goals. While it did impose a duty on the court, the court was not a party to the action;[4] therefore, it was the repeal of a procedural statute and the repeal is to be applied retroactively.

¶ 9. The retroactive application of the repeal of the statute is compelled by the abolition of the sentencing commission in the 2007–08 Biennial Budget, effective October 29, 2007, almost one year before Barfell was sentenced. By the time Barfell appeared for sentencing, there was no sentencing commission in existence to adopt sentencing guidelines. It was impossible for the sentencing court to carry out its obligation

---

[4] A party is defined as "[o]ne by or against whom a lawsuit is brought." Black's Law Dictionary 1154 (8th ed. 2004).

under WIS. STAT. § 973.017(2)(a), to consider the "sentencing guidelines adopted by the sentencing commission." Because the commission had been defunded, the sentencing guidelines were outdated when Barfell was sentenced. Without sentencing guidelines, now it is impossible to order Barfell resentenced and to have the sentencing guidelines considered. Nothing we order can have any practical legal effect. Therefore, the issue is moot. *See W.J.C. v. County of Vilas*, 124 Wis. 2d 238, 239, 369 N.W.2d 162 (Ct. App. 1985).

¶ 10. Barfell argues that WIS. STAT. § 990.04 preserves his due process right to be sentenced on the basis of accurate information. He is not helped by § 990.04, which provides, in part:

> The repeal of a statute hereafter shall not remit, defeat or impair any criminal liability for offenses committed, penalties or forfeitures incurred or rights of action accrued under such statute before the repeal thereof, whether or not in course of prosecution or action at the time of such repeal; but all such offenses, penalties, forfeitures and rights of action created by or founded on such statute, liability wherefore shall have been incurred before the time of such repeal thereof, shall be preserved and remain in force notwithstanding such repeal, unless specially and expressly remitted, abrogated or done away with by the repealing statute.

█

¶ 11. The "rights of action" referred to in WIS. STAT. § 990.04 are not individual rights defined and protected in the constitution or statutes. Rather, ' "rights of action' are grounds of liability." *Whalen v. Strong*, 230 A.D. 617, 621, 246 N.Y.S. 40 (N.Y. App. Div. 1930).[5]

---

[5] The definition from BLACK'S LAW DICTIONARY 1349 (8th ed. 2004) is in agreement:

¶ 12. Barfell also contends that the retroactive application of the repeal of Wis. Stat. § 973.017(2)(a) is prohibited under the ex post facto clause of the federal and state constitution. An ex post facto law includes any law which was passed after the commission of the offense for which the party is being tried. *State ex rel. Britt v. Gamble*, 2002 WI App 238, ¶ 23, 257 Wis. 2d 689, 653 N.W.2d 143. In determining whether a violation of the ex post facto clause has occurred, we look to see whether "the application [of an ex post facto law] violates one or more of that clause's recognized protections." *State v. Haines*, 2002 WI App 139, ¶ 6, 256 Wis. 2d 226, 647 N .W.2d 311, *aff'd*, 2003 WI 39, 261 Wis. 2d 139, 661 N.W.2d 72. Specifically, we must determine whether application of the new law (1) criminalizes conduct that was innocent when committed, (2) increases the penalty for conduct after its commission, or (3) removes a defense that was available at the time the act was committed. *Id*.

¶ 13. We have previously determined that Wis. Stat. § 973.017(2)(a) is a procedural statute, mandating a duty on the court at the time of sentencing; obviously, it does not criminalize innocent conduct, increase the penalty for burglary, or deny Barfell a previously existing defense. Therefore, the retroactive application of the repeal of the statute will not offend the ex post facto clause of the federal and state constitutions.

**right of action. 1.** The right to bring a specific case to court. [Cases: Action 1, 2. C.J.S. Actions §§ 2–9, 11, 17, 21, 26, 31–33, 36.] **2.** A right that can be enforced by legal action; a chose in action. Cf. CAUSE OF ACTION. [Cases: Action 1, 2; Property 5.5. C.J.S. Actions §§ 2–9, 11, 17, 21, 26, 31–33, 36; Property § 22; Trading Stamps and Coupons § 2.].

## CONCLUSION

¶ 14. The circuit court did not take into account the sentencing guidelines when it sentenced Barfell. That error does not allow him any relief because the repeal of WIS. STAT. § 973.017(2)(a) is to be applied retroactively, and Barfell cannot have a resentencing at which the sentencing guidelines will be considered. The ex post facto clause of the federal and state constitution and WIS. STAT. § 990.04 do not afford Barfell any relief since they do not apply to the repeal of a procedural statute.

*By the Court.*—Judgment affirmed.