PER CURIAM.
¶ 1 Darryl P. Benson, pro se , appeals from an order of the circuit court that denied his "motion to modify sentence and presentence investigation report based upon 'new factors' " and his request for a hearing to correct the presentence investigation report (PSI). The circuit court concluded the motion was procedurally barred under State v. Escalona-Naranjo , 185 Wis. 2d 168, 517 N.W.2d 157 (1994), and that, alternatively, there was no basis for relief. We affirm, using slightly different grounds than the circuit court.
BACKGROUND
¶ 2 In 2009, Benson was charged with four counts of first-degree sexual assault of a child, contrary to WIS. STAT. § 948.02(1)(e) (2009-10).[1] Count two alleged Benson had engaged in sexual intercourse with the child; the other three counts alleged sexual contact. The jury convicted Benson of the three sexual contact charges and acquitted him on the sexual intercourse charge. The trial court imposed three consecutive sentences, each consisting of six years' initial confinement and four years' extended supervision.[2]
¶ 3 In his direct appeal, Benson claimed ineffective assistance of trial counsel for counsel's failure to challenge the charges as duplicitous and counsel's failure to investigate and impeach certain witnesses. The motion was denied without a hearing, and we affirmed. In 2013, Benson pursued a pro se postconviction motion under WIS. STAT. § 974.06 (2013-14), raising additional claims of ineffective assistance of trial counsel. That motion was also denied without a hearing, and we affirmed.
¶ 4 Benson filed the motion underlying the current appeal in June 2017. He sought sentence modification claiming new factors-specifically, the lack of a risk assessment within the PSI and certain inaccuracies in the PSI. Benson also requested a hearing to correct the PSI, claiming it was causing the Department of Corrections to deny him appropriate programming and custody classifications.
¶ 5 The circuit court, noting that any objections to the PSI could have been made in the prior postconviction motion, concluded that the motion was barred by Escalona . The circuit court also noted that only the Department has the authority to modify the PSI and that, even if the procedural bar did not apply, Benson "has not set forth any basis on which modification of his sentence would be appropriate." The circuit court thus denied the motion without a hearing, and Benson appeals.
DISCUSSION
¶ 6 A prisoner who has had a direct appeal or other postconviction motion may not seek collateral review of an issue that was or could have been raised in the earlier proceeding, unless there is a "sufficient reason" for failing to raise it earlier. See Escalona , 185 Wis. 2d at 185 ; see also WIS. STAT. § 974.06(4) (2015-16). Whether a procedural bar applies is a question of law. See State v. Tolefree , 209 Wis. 2d 421, 424, 563 N.W.2d 175 (Ct. App. 1997).
I. Sentence Modification Based on New Factors
¶ 7 Despite the existence of a procedural bar, a circuit court may still modify a sentence if the defendant shows a new factor that warrants modification. See State v. Harbor , 2011 WI 28, ¶¶ 35, 51, 333 Wis. 2d 53, 797 N.W.2d 828. A "new factor" is a fact or facts "highly relevant to the imposition of sentence, but not known to the trial judge at the time of original sentencing, either because it was not then in existence or because, even though it was then in existence, it was unknowingly overlooked by all the parties." Rosado v. State , 70 Wis. 2d 280, 288, 234 N.W.2d 69 (1975), reaffirmed by Harbor , 333 Wis. 2d 53, ¶¶ 40, 52. "[F]rustration of the purpose of the original sentence is not an independent requirement when determining whether a fact or set of facts ... constitutes a new factor." Harbor , 333 Wis. 2d 53, ¶ 48.
¶ 8 "The defendant has the burden to demonstrate by clear and convincing evidence the existence of a new factor." Harbor , 333 Wis. 2d 53, ¶ 36. Whether facts constitute a new factor is a question of law. See id. If the defendant demonstrates that there is a new factor, the question of whether that new factor warrants sentence modification is committed to the circuit court's discretion. See id. , ¶ 37. If one of these two prongs is unfulfilled, the circuit court need not address the other. See id. , ¶ 38.
¶ 9 Benson claims that the existence of WIS. STAT. § 972.15(1m) is a new factor. That statute, which was created by 2007 Wis. Act 80 § 22 and which took effect on April 1, 2009, provides in relevant part:
If a person is convicted for a felony that requires him or her to register under [ WIS. STAT. §] 301.45 and if the victim was under 18 years of age at the time of the offense, the court may order the department to conduct a presentence investigation report to assess whether the person is at risk for committing another sex offense[.]
Benson contends that the sentencing court's failure to utilize this section frustrated the purpose of sentencing and left the court without guidance. He claims that the statute is highly relevant because if it had been utilized, the sentencing court would have known there was no mandatory minimum sentence and would have been more likely to give him probation.
¶ 10 WISCONSIN STAT. § 972.15(1m) is not a new factor. It existed at the time of sentencing, and we presume judges know the law. See Tri-State Mech., Inc. v. Northland Coll. , 2004 WI App 100, ¶ 10, 273 Wis. 2d 471, 681 N.W.2d 302. Benson has not shown that the statute was "unknowingly overlooked" by the sentencing court. Even if Benson could show the sentencing court overlooked § 972.15(1m), the court certainly would have been aware that there was no mandatory minimum for Benson's offenses, so Benson does not show how the statute was "highly relevant to the imposition of sentence." Because the existence of § 972.15(1m) is not a new factor, it is subject to a procedural bar, and Benson does not provide sufficient reason for failure to raise this issue in his prior WIS. STAT. § 974.06 motion.
¶ 11 In any event, showing a new factor is not the end of the analysis. If a new factor is shown, the circuit court then determines whether that new factor warrants sentence modification. The circuit court's conclusion that Benson "has not set forth any basis on which modification of his sentence would be appropriate" is effectively a determination that even if the statute were a new factor, it would not warrant sentence modification. We discern no erroneous exercise of the circuit court's discretion in this regard. Benson complains that the purpose of sentencing was frustrated without a risk assessment, but whether to order the risk assessment is a discretionary decision for the sentencing court: the statute states that the court "may order" the PSI to assess the offender's risk of re-offense. See Thielman v. Leean , 2003 WI App 33, ¶ 10, 260 Wis. 2d 253, 659 N.W.2d 73 ("The word 'may' is generally construed as permissive or directory."). Benson simply does not show that the circuit court erroneously exercised its discretion in failing to order a risk assessment as part of the PSI.[3]
II. Resentencing Based on Inaccurate Information
¶ 12 "[A] criminal defendant has a due process right to be sentenced only upon materially accurate information." State v. Lechner , 217 Wis. 2d 392, 419, 576 N.W.2d 912 (1998). A defendant who seeks resentencing based on the circuit court's use of inaccurate information must show that the information was inaccurate and that the circuit court actually relied on the inaccuracy in the sentencing. See State v. Tiepelman , 2006 WI 66, ¶ 26, 291 Wis. 2d 179, 717 N.W.2d 1. However, "[a] defendant 'cannot show actual reliance on inaccurate information if the information is accurate.' " State v. Travis , 2013 WI 38, ¶ 22, 347 Wis. 2d 142, 832 N.W.2d 491 (citation omitted). We review de novo whether a defendant has been denied his due process right to be sentenced on accurate information. See Tiepelman , 291 Wis. 2d 179, ¶ 9.
¶ 13 As grounds for resentencing, Benson claims multiple inaccuracies in the PSI. He claims his sentence is wrong because the sentencing court failed to consider WIS. STAT. §§ 939.66(2p) and 948.025, resulting in multiplicitous sentences; the sentencing court erroneously said he made his victim touch his penis; and the sentencing guidelines were not considered. Benson also claims the PSI is erroneous because the PSI writer was biased, no risk assessment was performed, and the PSI author should not have imported facts from the criminal complaint because he was convicted based on the information, not the complaint.
¶ 14 Each of these complaints is barred. Any challenge to the accuracy of the PSI had to be raised at the sentencing hearing; failure to do so constitutes forfeiture. See State v. Johnson , 158 Wis. 2d 458, 470, 463 N.W.2d 352 (Ct. App. 1990), abrogated on other grounds by Harbor , 333 Wis. 2d 53, ¶ 47 n.11. Additionally, complaints about the sentencing court's commentary or rationale in exercising its sentencing discretion must be preserved by postconviction motion. See State v. Walker , 2006 WI 82, ¶¶ 30-31, 292 Wis. 2d 326, 716 N.W.2d 498. Third, Benson offers no reason for failing to raise these issues in earlier challenges, so they are procedurally barred by Escalona .
¶ 15 Relying on State v. Norton , 2001 WI App 245, 248 Wis. 2d 162, 635 N.W.2d 656, Benson contends that the alleged inaccuracies are new factors, allowing him to avoid any procedural bars. In Norton , however, the inaccuracy that was deemed a new factor-the fact that Norton's probation was revoked in another case despite the sentencing court relying on a representation that it would not be-did not exist until Norton's probation was actually revoked subsequent to his sentencing hearing. See id. , ¶ 14. All of the inaccuracies Benson alleges were in existence at the time of sentencing, so they are not Norton -like new factors.
¶ 16 Aside from the procedural bar, a defendant seeking resentencing based on inaccurate information must show the information actually is inaccurate. See Travis , 347 Wis. 2d 142, ¶ 22. Benson fails to carry that burden.
¶ 17 Benson argues that under WIS. STAT. § 939.66(2p), which deals with lesser-included crimes, he could not have been convicted for three violations of WIS. STAT. § 948.02(1)(e) for first-degree sexual assault of a child. Section 939.66(2p) states, "Upon prosecution for a crime, the actor may be convicted of either the crime charged or an included crime, but not both. An included crime may be ... [a] crime which is a less serious or equally serious type of violation under s. 948.02 than the one charged." Benson thus appears to believe that multiple charges of equally serious violations of § 948.02 are lesser-included offenses of each other. However, § 939.66(2p) simply means that for each charge under § 948.02, Benson may be convicted of the charged offense or a lesser-included offense-which, in the case of § 948.02, might carry the same penalty-but not both offenses. Section 939.66(2p) does not prohibit charging of, or conviction on, multiple discrete offenses.
¶ 18 Relatedly, Benson seems to think that he should not have been charged with three counts of first-degree sexual assault of a child when the State could have charged him with a single offense of engaging in repeated acts of sexual assault of the same child, contrary to WIS. STAT. § 948.025(1).[4] However, a charge under § 948.025(1) must allege "a specified period of time," so the State is not prohibited from charging separate instances of assault that occur at different times in different places. See § 948.025(3) ; State v. Nommensen , 2007 WI App 224, ¶ 16, 305 Wis. 2d 695, 741 N.W.2d 481. As we explained in Benson's first appeal, the three sexual assault charges are distinguishable from each other based on the date and the location of their commission.[5] See State v. Benson , No. 2010AP2455-CR, unpublished slip op. ¶ 17 (WI App May 8, 2012).
¶ 19 Benson also complains that the sentencing court noted that he had required the victim to touch his penis. Benson argues that the sentencing court referenced the jury's finding of guilt, but the jury's verdicts found Benson guilty as charged in the amended information and the information contains no details of his offense. He therefore wonders how the sentencing court can be allowed to comment if the information had no specifics. However, the sentencing court presided over the trial, where the victim testified that Benson made her touch his penis and about his other acts. The sentencing court is not required to disregard the evidence presented at trial when articulating its sentence.
¶ 20 Finally, Benson argues the sentencing guidelines for first-degree sexual assault should have been considered, as that was the law at the time of his offenses. However, the rule requiring consideration of sentencing guidelines was retroactively repealed effective July 1, 2009. See State v. Barfell , 2010 WI App 61, ¶ 4, 324 Wis. 2d 374, 782 N.W.2d 437. Benson was sentenced on July 29, 2009. The retroactive application of the repeal was necessary because the sentencing commission, responsible for promulgating guidelines, was abolished effective October 29, 2007, by the 2007-08 biennial budget. See id. , ¶ 9. Consideration of the guidelines was not required in Benson's case.
III. A Hearing to Correct the PSI for the Department's Use
¶ 21 Benson also complains that the inaccuracies in the PSI are causing the Department to deny him proper programming and custody classifications, and he seeks an evidentiary hearing to review the inaccuracies. However, challenges to the PSI had to be raised at the time of sentencing. Benson is not now entitled to a hearing on his disputes with the PSI. Though State v. Melton , 2013 WI 65, ¶¶ 65-66, 349 Wis. 2d 48, 834 N.W.2d 345, holds that a defendant who wishes to contest facts in a PSI is entitled to an evidentiary hearing, it is clear from the context of that case that the right to hearing applies in the post-conviction, pre-sentencing phase of the case. In other words, the right to a hearing to contest the PSI does not exist forever.
¶ 22 Moreover, the circuit court noted that the Department appeared to have addressed at least one of Benson's complaints by performing a new offender evaluation, and Benson does not refute the circuit court's findings in that regard. More importantly, the circuit court properly noted that "a motion to correct the information contained in the PSI should be directed to" the Department. See State v. Bush , 185 Wis. 2d 716, 723, 519 N.W.2d 645 (Ct. App. 1994).
¶ 23 In urging that we not apply procedural bars against him, Benson notes that he was actively seeking relief from the Department relative to its use of the PSI. In that case, Benson had an avenue of review of the Department's decision through certiorari review, not collateral review in his criminal case.
By the Court. -Order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5. (2015-16).

All references to the Wisconsin Statutes are to the 2009-10 version unless otherwise noted.

The Honorable Carl Ashley presided at trial and imposed sentence. We will refer to him as the trial court and the sentencing court. The Honorable Mark A. Sanders reviewed and denied Benson's postconviction motion; we will refer to him as the circuit court.

After briefing in this matter was complete, Benson filed a motion in May 2018 asking us to take judicial notice of a sex offender treatment evaluation, dated December 15, 2016; a Correctional Offender Management Profiling for Alternative Sanctions (COMPAS) evaluation, dated May 21, 2015; and a letter from the warden of his institution, dated April 4, 2018, declining to modify the PSI. Benson contends that "[t]he low risk assessments may require the court to modify the sentence in accord with the documents, thus judicial notice of these adjudicative facts are necessary." We deny the motion.
The fact of which Benson would have us take notice is not the existence of these documents but, rather, the meaning of the information therein. But Benson has not established that such facts are "not subject to reasonable dispute" and capable of "accurate and ready determination" as required by the judicial notice statute. See Wis. Stat. § 902.01(2) (2015-16). In part, we question whether the evaluations may be part of a confidential treatment file. Moreover, one evaluation on its face notes that Benson's risk level fluctuates depending on his release date.
Additionally, we note that both evaluations pre-date Benson's June 2017 motion. We will not allow him to utilize the judicial notice statute to raise arguments for the first time on appeal that could have been raised within the context of the motion. See State v. Huebner , 2000 WI 59, ¶ 10, 235 Wis. 2d 486, 611 N.W.2d 727.

"Whoever commits 3 or more violations under s. 948.02(1) or (2) within a specified period of time involving the same child is guilty of" various levels of felony depending on the nature of the underlying violations. See Wis. Stat. § 948.025(1).

Additionally, Benson has previously challenged the use of multiple charges against him, though his prior challenges raised duplicity rather than multiplicity. See State v. Benson , No. 2010AP2455-CR, unpublished slip op. ¶¶ 14-16 (WI App May 8, 2012). "A matter once litigated may not be relitigated in a subsequent postconviction proceeding no matter how artfully the defendant may rephrase the issue." See State v. Witkowski , 163 Wis. 2d 985, 990, 473 N.W.2d 512 (Ct. App. 1991).